IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. JFM-06-0478 |
| | * | Civil No. JFM-09-145 |
| | * | |
| STANLEY HARRISON | * | |
| | ***** | |

MEMORANDUM

Stanley Harrison has filed this action under 28 U.S.C. §2255, seeking to vacate his conviction and sentencing. Harrison pled guilty to conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin. He was found to be a career offender, and was sentenced to 262 months imprisonment. He alleges that his counsel, Randolph Gregory, was ineffective in representing him.

Harrison's motion will be denied except to the extent that he alleges that he asked Mr. Gregory to file an appeal on his behalf and that Mr. Gregory failed to do so. Mr. Gregory has passed away, and therefore the most efficient way to resolve that claim is simply to reinstate Harrison's right of appeal.

Harrison's other claims are without merit. Harrison's primary claim seems to be that he received no benefit from the plea agreement into which he entered. That contention is erroneous in two respects. First, he did receive the benefit of a three level reduction for acceptance of responsibility. Second, as part of the plea negotiations, the government agreed not to file a notice of prior convictions under 21 U.S.C. §841. If the government had done so, Harrison would have faced a statutory mandatory sentence of life imprisonment. Therefore, his argument that he gained nothing from the plea agreement is utterly without merit.

As Harrison implicitly agrees by not arguing to the contrary, this court's finding that he was a career offender was fully substantiated by the record.   Therefore, the only contention that he can make is that his sentence was not appropriate under 18 U.S.C. §3553.   That contention too is entirely without merit.   Considering the nature of his criminal background and the seriousness of the offense to which he pled guilty, the factors enunciated in §3553, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law and to provide just punishment, and to provide deterrence to criminal conduct, and to protect the public from further crimes by the defendant, all fully supported the 262 month sentence imposed by this court.

Finally, Harrison complains that Gregory did not file any pretrial motions or challenge a search warrant.   Harrison's allegations that any such challenge would have been successful are entirely conclusory.   In fact, the government's proffered evidence against Harrison, including the testimony of undercover officers, surveillance officers and agents, and cooperating witnesses, was overwhelming, and the filing of a suppression motion would have been fruitless.   Further, if Harrison had filed such a motion, in accordance with its long established policy, the government would not have recommended an additional level for acceptance of responsibility, increasing Harrison's Guideline range from 262-327 to 292-365 months.

A separate order effecting the rulings made in this memorandum is being entered herewith.


DATE:   8, 2009                        /s/_____
                                       J. Frederick Motz
                                       United States District Judge